# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00389-CV

### Brian Collister, Appellant

**v.**

### KXAN-TV; Nexstar Media Group, Inc.; Chad Cross; Eric Lassberg; and Catherine Stone, Appellees

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-001138, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Brian Collister, appearing pro se, seeks to appeal an order denying his "motion to set aside judgment or alternatively for rehearing/new trial." Generally, the jurisdiction of this Court is limited to the review of final judgments and certain interlocutory orders as allowed by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014(a). In a civil case, the deadline for perfecting an appeal of a final judgment is calculated from the date that "the judgment is signed." Tex. R. App. P. 26.1. The appeal is generally perfected when a notice of appeal is filed within thirty days after the judgment is signed. *See id.* When a motion for new trial or other post-judgment motion specified in Rule 26.1(a) is timely filed, a notice of appeal must be filed within ninety days after the judgment is signed. *Id.* R. 26.1(a).

In this case, the trial court signed a final judgment on March 4, 2020.  Because Collister timely filed a motion for new trial, the deadline to file his notice of appeal was June 2, 2020.  Collister did not file his notice of appeal until July 30, 2020.

On November 17, 2020, the Clerk of this Court sent a letter to Collister informing him that it appeared from the trial court's clerk record that his notice of appeal was untimely and that as a result, that this Court lacks jurisdiction over this appeal.  *See id.* R. 25.1 (filing of notice of appeal invokes appellate jurisdiction).  The Clerk requested that Collister file a response by November 30, 2020, explaining how this Court could exercise jurisdiction and advised him that the failure to do so would result in the dismissal of this appeal.  *See id.* R. 42.3(a).

To date, Collister has not responded to this Court's jurisdictional inquiry.  Because Collister has failed to demonstrate this Court's jurisdiction over this appeal, we dismiss it for want of jurisdiction.  *See id.*

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Baker and Kelly

Dismissed for Want of Jurisdiction

Filed:   December 17, 2020